IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT M. RUCHIS )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>SYNDICATED OFFICE SYSTEMS, )<br>INC., d/b/a CENTRAL FINANCIAL )<br>CONTROL )<br>  and )<br>CENTRAL FINANCIAL CONTROL )<br>)<br>Defendants. )<br>) | Civil Action No. |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

**I. INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq*. (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*. (hereafter the "UTPCPL"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4. Plaintiff Robert M. Ruchis is an adult individual and citizen of this Commonwealth residing at 567 Beaver Road, Southampton, PA 18966.

5. Defendant Syndicated Office Systems, Inc., d/b/a Central Financial Control is a business entity regularly engaged in the business of collecting debts in this Commonwealth with its principal place of business located at 2711 Lyndon B. Johnson Fairway #600, Dallas, TX 75234. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant Central Financial Control is a business entity regularly engaged in the business of collecting debts in this Commonwealth with its principal place of business located at 2711 Lyndon B. Johnson Fairway #600, Dallas, TX 75234. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

7. At all times pertinent hereto, Defendants were hired by Warminster Hospital to collect a debt relating to medical bills that were allegedly originally owed to Warminster Hospital (hereafter the "debt").

8. The alleged debt at issue arose out of transactions which were primarily for personal, family or household purposes.

9. On or about May 16, 2003, Plaintiff was treated by Warminster Hospital for injuries resulting from a motor vehicle accident.

10. On or about September 17, 2003, Defendants wrote and sent to the Plaintiff by U.S. mail a collection or "dunning" letter (hereafter the "9/17/03 Letter") which attempted to

coerce Plaintiff into paying the debt. The 9/17/03 Letter, *inter alia*, stated the following: *"PAY NOW OR CALL."* Additionally, the 9/17/03 Letter, *inter alia*, stated the following: *"Warminster Hospital has placed your account(s) with this company for immediate collection."* Finally, the 9/17/03 Letter threatened to report the debt to the credit reporting agencies if the debt was not paid. (A true and correct copy of 9/17/03 Letter is attached hereto as Exhibit "A" and is incorporated herein.)

11. At all pertinent times hereto, the Letter was the initial communication to Plaintiff by the Defendants. Additionally, Defendants did not send any written communications to Plaintiff with respect to the alleged debt within five days after the above initial communication.

12. On or about September 25, 2003, Plaintiff's attorney, Stuart A. Carpey, Esquire, wrote and sent to the Defendants by U.S. mail a letter (hereafter the "9/25/03 Cease and Desist Letter") which, *inter alia*, cited 75 Pa.C.S.A. §1797(a), which forbids the collecting or billing, from an insured, an unpaid balance resulting from a motor vehicle accident. Additionally, the 9/25/03 Cease and Desist Letter, *inter alia*, informed Defendants that Mr. Carpey represented Plaintiff, as well as demanding Defendants cease and desist from any contact with the Plaintiff. (A true and correct copy of 9/25/03 Cease and Desist Letter is attached hereto as Exhibit "B" and is incorporated herein.)

13. Notwithstanding the above, on or about October 1, 2003, Defendants wrote and sent to the Plaintiff by U.S. mail a collection or "dunning" letter (hereafter the "10/1/03 Letter") which attempted to coerce Plaintiff into paying the debt. (A true and correct copy of 10/1/03 Letter is attached hereto as Exhibit "C" and is incorporated herein.)

14. Notwithstanding the above, on or about October 20, 2003, Defendants again wrote and sent to the Plaintiff by U.S. mail a collection or "dunning" letter (hereafter the

3

"10/20/03 Letter") which attempted to coerce Plaintiff into paying the debt. (A true and correct copy of 10/20/03 Letter is attached hereto as Exhibit "D" and is incorporated herein.)

15. To date, the alleged debt is not reporting on Plaintiff's credit reports.

16. The 9/17/03 Letter was false, misleading and unfair in that it contained language that contradicted, overshadowed and obscured the required validation/verification information pursuant to 15 U.S.C. § 1692(g) by extraneous language contained in the 9/17/03 Letter so as to confuse or make uncertain what the objective least sophisticated consumer's rights are under the law.

17. Plaintiff and the objective least sophisticated consumer would be made uncertain or confused by the 9/17/03 Letter for the following reason, *inter alia*, the Letter was threatening in language and tone, and was obviously intended to evoke immediate payment from Plaintiff for the following reasons: 1) demanding that Plaintiff "PAY NOW;" 2) stating the account was placed for "immediate collection" by the Defendants; and 3) threatening to report the account to the credit reporting agencies if the Plaintiff did not pay the alleged debt.

18. The least sophisticated consumer, upon opening the 9/17/03 Letter, would be quickly drawn to the language read through the validation language only to see that he should "PAY NOW," or risk immediate collection or the reporting of such information to the credit reporting agencies.

19. Even if the consumer continued reading the 9/17/03 Letter and read the validation language contained in the 9/17/03 Letter, the least sophisticated consumer would feel compelled to make payment to Defendants, because that is what the language demanded.

20. The Defendants acted in a false, deceptive, misleading and unfair manner by collecting or attempting to collect on a debt that was could not be collected under 75 Pa.C.S.A. §1797(a).

21. The Defendants acted in a false, deceptive, misleading and unfair manner by threatening to communicate to any person credit information which is known or which should be known to be false.

22. The Defendants acted in a false, deceptive, misleading and unfair manner by harassing, oppressing and abusing the Plaintiff including, but not limited to, repeatedly and continuously contacting the above person with the intent to annoy, abuse, and harass such person contacted.

23. The Defendants acted in a false, deceptive, misleading and unfair manner by repeatedly contacting Plaintiff even though it knew, or should have known, Plaintiff was represented by an attorney.

24. The Defendants acted in a false, deceptive, misleading and unfair manner by continuing to communicate directly with Plaintiff with regards to the debt after Plaintiff's attorney had notified Defendants in writing to cease further communications.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

26. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, were malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27.     Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said law.

28.     As a result of the Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to, emotional and mental pain and anguish and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

### V. CLAIM FOR RELIEF-VIOLATION OF THE FDCPA

29.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30.     Defendants are "debt collectors" as defined by section 1692a(6) of the FDCPA.

31.     Plaintiff is a "consumer" as defined by section 1692a(3) of the FDCPA.

32.     The above contacts and disputes made between the Plaintiff and Defendants are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

33.     Defendants violated the FDCPA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(a)(2), 1692c(c), 1692d, 1692e, 1692e(2)(a), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692(g), as evidenced by the following conduct:

(a)     Communicating with the Plaintiff when the Defendants knew, has knowledge of or can readily ascertain that the Plaintiff is represented by an attorney;

(b)     Contacting the Plaintiff after Defendants were notified by Plaintiff's attorney in writing to cease contacting Plaintiff;

(c)  Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(d)  The false representation of the amount, character or legal status of a debt;

(e)  Threatening to take action that cannot legally be taken and/or is not intended to be taken;

(f)  Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

(g)  The collection of any amount which is not permitted by law;

(h)  Contradicting, overshadowing and obscuring the required validation/verification language required by section 1692g(a) of the FDCPA by extraneous language contained in the aforementioned 9/17/03 Letter; and

(i)  Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

34.  Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

35.  As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages and attorneys' fees and costs.

**VI.  SECOND CLAIM FOR RELIEF-VIOLATION OF THE FCEUA AND UTPCPL**

36.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. Defendants are "debt collectors" as defined by 73 P.S. § 2271.3 of the FCEUA.

38. Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

39. The above contacts and disputes made between the Plaintiff and Defendants were "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

40. Defendants engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the alleged debt in violation of the FCEUA. Defendants' violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a) Communicating with the Plaintiff when the Defendants knew, has knowledge of or can readily ascertain that the Plaintiff is represented by an attorney;

(b) Contacting the Plaintiff after Defendants were notified by Plaintiff's attorney in writing to cease contacting Plaintiff;

(c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(d) The false representation of the amount, character or legal status of a debt;

(e) Threatening to take action that cannot legally be taken and/or is not intended to be taken;

(f) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

(g) The collection of any amount which is not permitted by law;

(h) Contradicting, overshadowing and obscuring the required validation/verification language required by section 1692g(a) of the FDCPA by extraneous language contained in the aforementioned 9/17/03 Letter; and

(i) Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

41. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

42. As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of actual, statutory and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That an order be entered declaring that Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

(b) That an order be entered enjoining Defendants from continuing to communicate with Plaintiff in violation of the FCEUA and the UTPCPL;

(c) That judgment be entered against Defendants for actual damages pursuant to 73 P.S. § 201-9.2(a);

(d) That judgment be entered against Defendants for statutory damages pursuant to 73 P.S. § 201-9.2(a);

(e) That judgment be entered against Defendants for treble damages pursuant to 73 P.S. § 201-9.2(a);

(f) That the court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(g) That the Court grant such other and further relief as may be just and proper.

## VI.  JURY TRIAL DEMAND

43.  Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

FRANCIS & MAILMAN, P.C.

BY: _____
JAMES A. FRANCIS, ESQUIRE
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
MICHAEL J. SZYMBORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

DATE: February 27, 2004